[No. 12497. Department Two.—June 11, 1898.]

JOHN SPAULDING, Substituted for A. Hayward, Appellant, v. J. W. HOWARD et al., Respondents.

FORECLOSURE OF MORTGAGE—ORDER OF SALE—ATTESTATION BY CLERK—PRESUMPTION.—In an action to foreclose a mortgage, where defendants claim title under a purchase at a sale under another decree of foreclosure, a decree for the defendants is sufficiently supported by findings that the order of sale under which the title was obtained was duly issued out of the superior court, under the seal of said court, without specifically stating that the order of sale was subscribed by the clerk; and it will be presumed in favor of the decree that it was so subscribed, where there is no bill of exceptions showing the contrary.

ID.—POWER OF SALE—PROCEDURE OF SHERIFF.—The power of the sheriff to sell mortgaged property comes from the statute and the decree of sale; and the sheriff under the Code of Civil Procedure proceeds with the sale by virtue of the decree, and such direction as the court may give. The proceeding does not necessarily follow the analogy of sales under execution, though it usually does so.

ID.—STATUTE OF LIMITATIONS—FINDING OF FACT.—The finding that the cause of action for the foreclosure of the mortgage is barred as to certain defendants by the provisions of specified sections of the Code of Civil Procedure is properly a finding of fact, and need not be placed among the conclusions of law.

ID.—RIGHT TO PLEAD STATUTE—SUPPLEMENTAL COMPLAINT—NEW PARTIES.—Claimants of the property brought in as new parties to the action, of foreclosure, by supplemental complaint filed more than four years after the cause of action accrued against them, may properly plead the statute of limitations as to them.

ID.—PARTIES DEFENDANT—PRIOR MORTGAGE—UNRECORDED ASSIGNMENT—ESTOPPEL OF ASSIGNEE.—In an action to foreclose a mortgage, only those persons need be made defendants whose interests appear of record; and where the record title to a prior mortgage appeared to be in the mortgagee, who was made a party defendant, a decree

of foreclosure and sale adjudging that the apparent lien of the prior mortgage had been discharged, and was subject to the lien of the plaintiff's mortgage, and the sale and deed thereunder, without notice, actual or constructive, of an unrecorded assignment operated to extinguish the prior mortgage; and the holder of the unrecorded assignment, and the assignee of his rights, are estopped, equally with the prior mortgagee, by the decree and sale against such mortgagee.

FINDINGS—CHANGE—TWO SETS—PRESUMPTION.—The court may change or modify its findings before judgment without ordering a new trial. Where there are two sets of findings, and either or both will support the judgment, the making of the second set is not erroneous; and where only the second set appears in the judgment-roll, the first set is properly ignored, and it will be presumed that the court based its judgment alone on the findings in the judgment-roll, in the absence of some proper record or bill of exceptions showing otherwise.

APPEAL from a judgment of the Superior Court of Lake County. Rodney J. Hudson, Judge.

The facts are stated in the opinion.

R. K. Nichols, Fox & Kellogg, and Kellogg & King, for Appellant.

F. E. Baker, for Respondents Ely & Griffin.

CHIPMAN, C.—Action to foreclose a mortgage brought originally by Alvinza Hayward (for whom plaintiff John Spaulding, as assignee of Hayward, was substituted) against J. W. Howard, one of the defendants, mortgagor. Succinctly stated the facts are: That said J. W. Howard on August 8, 1872, executed his note for four hundred and five dollars and forty-eight cents to one Joseph Hewitt, payable August 8, 1874, and secured by mortgage on lands in Lake county. The note and mortgage were assigned by Hewitt to Hayward November 4, 1875, long after maturity. The assignment was in writing and was acknowledged, but was not recorded. On December 9, 1876, Howard executed his note to defendants Ely and Griffin for four thousand seven hundred dollars, secured by mortgage on the same and other lands. This note was due twelve months after date. Howard's wife joined in the mortgage, which was recorded December 29, 1876. On February 12, 1878, Ely and

Griffin commenced action to foreclose their mortgage in the late district court of the sixth district, in and for Yolo county. In their action Howard and his wife and Hewitt (Hayward's assignor) were made defendants. Summons was duly issued and served, and on July 18, 1878, the court entered its decree of foreclosure, finding that the apparent lien of Hewitt had been discharged and was subject to that of Ely and Griffin. A copy of the decree was duly docketed and recorded in Lake county on June 1, 1880. On April 8, 1882, an order of sale was duly issued and the land sold under the foreclosure decree, and Ely and Griffin became the purchasers, and, no redemption having been made, the sheriff's deed was duly issued to them December 1, 1882. On August 7, 1878, Hayward, assignee of Hewitt, brought this foreclosure suit against the mortgagor Howard alone, in the late district court of the seventh judicial district in and for Lake county, and on April 1, 1879, filed *lis pendens;* summons was published on the original complaint and decree entered April 9, 1879, foreclosing the mortgage, and the land was sold pursuant to the decree March 20, 1880, to one William Kohl. On July 9, 1884, without vacating the judgment, plaintiff Hayward caused an alias summons to issue against Howard, and on July 14, 1884, he procured an order vacating the decree and permitting the action to be prosecuted as though no decree had been entered; the alleged reason for this proceeding was that the decree was inadvertently entered and that the court had not obtained jurisdiction of defendant Howard. This alias summons was published without affidavit or order for service by publication other than the ones first made and filed. On May 5, 1884, Hayward obtained an order allowing him to file a supplemental complaint and to make Ely and Griffin parties defendant, who appeared and answered. Plaintiff Spaulding, on September 30, 1880, purchased whatever interest Kohl took at the sale to him, and by stipulation Spaulding was substituted for Hayward as plaintiff, and entitled to whatever rights Hayward might be found to have. The court gave personal judgment against Howard for the amount due on his note given to Hewitt, and, as to the other defendants, that plaintiff take nothing by his action. Plaintiff appeals on the judgment-roll alone.

It is contended that the findings do not sustain the decree:

(a) Because no valid order of sale was issued under the fore-closure of Ely and Griffin, it being claimed that the writ must be not only issued under the seal of the court, but also subscribed by the clerk. (Citing Code Civ. Proc., secs. 682, 684.) The findings are that the court ordered the land included in the Ely and Griffin mortgage to be sold by the sheriff of Lake county, in which county it was found that their decree had been duly docketed and recorded; that "an order of sale was duly issued out of the superior court of Yolo county, under seal of said court, upon said judgment and decree and reciting the same, directed to the sheriff of said Lake county, commanding him," etc. The sheriff, under the Code of Civil Procedure, proceeds with the sale by virtue of the decree and such direction as the court may give. (Code Civ. Proc., sec. 726.) The proceeding follows by analogy sales upon execution, but not necessarily so. The power to sell comes from the statute and the decree. How-ever, the court found that an order of sale was duly issued upon the decree, and, if the law required it to be certified or attested by the clerk, it will be presumed that this was done. (Code Civ. Proc., sec. 1963, subd. 15.) If plaintiff desired to dispute this presumption when the defendants offered their decree in evidence, he should then have made the objection and brought the question here by bill of exceptions or statement.

(b) The point is made that the conclusions of law and fact must be separately stated; that the conclusion in regard to the statute of limitations is in the findings of fact; that there is nothing in the conclusions of law to the effect that the action is barred, and this being a conclusion of law and not of fact plaintiff should have had a decree against all the defendants. (Citing *Caulfield v. Sanders*, 17 Cal. 571; *Schroeder v. Jahns*, 27 Cal. 278, 279; *Paulson v. Nunan*, 64 Cal. 290.)

Defendants Ely and Griffin pleaded the statute of limitations. Plaintiff's right of action against Ely and Griffin accrued to his assignor December 29, 1876, when the second mortgage was re-corded, as his note was then long past due. But defendants Ely and Griffin were not made parties to this action until De-cember 9, 1884, eight years after plaintiff's cause of action accrued against them. Of course, Ely and Griffin's rights were not affected by the assignment of Hewitt to Hayward, of which

they had no knowledge, actual or constructive. The commencement of the action by Hayward did not stop the running of the statute in favor of Ely and Hewitt. (*Jeffers v. Cook,* 58 Cal. 150.) In the foreclosure by Ely and Griffin they made all persons parties defendant in whose favor any interest appeared of record, and this was all that was required of them. (Code Civ. Proc., sec. 726.) Hewitt's interest in the land was thus extinguished and he was estopped. (*Hutchings v. Ebeler,* 46 Cal. 559.) Hayward was in no better position with his unrecorded assignment (Code Civ. Proc., sec. 726), and Spaulding took only Hayward's rights.

The court found that "any cause of action which Hayward, or plaintiff Spaulding as his successor in interest herein, ever had against said Ely and Griffin, or against either of them, is barred by the provisions of sections 312, 335, and 337 of the Code of Civil Procedure." The court, properly, we think, found as a fact and not as a conclusion of law that the action was barred.

(c) It is complained that the decree was rendered on findings made May 9, 1887, but that other findings were made February 8, 1886, and were never set aside or any motion made for a new trial, and this is alleged to be error. (Citing *Prince v. Lynch,* 38 Cal. 530; 99 Am. Dec. 427.) Appellant gives no explanation by bill of exceptions or otherwise how there came to be two sets of findings; nor does he point out wherein his rights were injuriously affected by the second set of findings. These earlier findings do not appear as a part of the judgment-roll, and the judgment does not in any wise rest upon them. We do not see how we can take any notice of them, even if they would have the effect to change the judgment—which they would not, as they are substantially the same as the later ones. In the absence of some proper record showing that there were double findings, we must presume that the court based its judgment alone on the findings in the judgment-roll, and that the first findings were properly ignored by the court. *Prince v. Lynch, supra,* is not in point, for there the court changed the findings after judgment. But the court may change or modify findings before judgment without ordering a new trial. It was held in *Smith v. Taylor,* 82 Cal. 533, that this may be done; and where there are two sets of findings, and either or both will support the judg-

ment, changes in the findings before judgment is not error. (See, also, *Hayes v. Wetherbee*, 60 Cal. 396.)

The judgment should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.         McFarland, J., Temple, J.; Henshaw, J.