[Civ. No. 8247. First Appellate District, Division Two.—March 24, 1932.]

FRED D. GRIFFITH, Plaintiff and Appellant, v. RUTH E. LIST, Defendant and Appellant.

E. A. Miller, Williams & Parks and Benj. S. Parks for Plaintiff and Appellant.

John W. Carrigan for Defendant and Appellant.

NOURSE, P. J.—Plaintiff sued to impress a trust upon real property. The cause was tried upon an agreed statement of facts and judgment was entered for plaintiff decreeing that he had a 47.4 per cent interest in the real property and in the money deposited in court under a judgment in a prior action, and that he should have an accounting from defendant. A motion for a new trial was made by defendant and denied, but the trial court modified the judgment and awarded plaintiff $17,986.20 and decreed that he had no interest in the real property and was not entitled to an accounting. Both parties have appealed from his judgment and, to avoid confusion, we will hereafter refer to them as plaintiff and defendant.

In this opinion we will consider the points raised on defendant's appeal only as our conclusion on that appeal is that the judgment must be reversed, hence plaintiff's criticisms of the modifications of the judgment are of no moment.

On September 14, 1924, one Marcher, while indebted to a number of individuals, conveyed the real property in suit to McLaughlin and Vermille, as trustees, by deed absolute in form. The property was then subject to a mortgage in favor

of Title Insurance & Trust Company for $24,000, and to a deed of trust in favor of Earnest for $8,000. The deed to McLaughlin and Vermille was given as security for payment of the claims of special creditors and was recorded. At the same time McLaughlin and Vermille executed a declaration of trust, which was not recorded. On November 3, 1924, Marcher filed an action against these named creditors to have it declared that the deed to McLaughlin and Vermille was in fact a mortgage. In that action plaintiff's assignor, one Hale, was joined as a party defendant. In that action all the defendants except Hale joined in a cross-complaint seeking to foreclose said deed as a mortgage. Judgment was entered in favor of these cross-complainants on July 3, 1925, for $53,469.65. On July 22, 1926, judgment was entered in favor of the Title Insurance & Trust Company foreclosing its mortgage and, under this judgment, the property was sold to one Pinney on August 30, 1926, for the sum of $75,000. After the title company's judgment had been satisfied the balance of the purchase price, $45,484.97, was deposited in court. The defendant purchased all the rights of the judgment creditors in the suit first mentioned, and, on September 14, 1926, upon an order of court made for that purpose, drew the sum so deposited. From this fund she paid the sum of $7,539.40, in satisfaction of the deed of trust held by Earnest and used the balance, with $16,000 of her own money, to pay the holders of the judgments against Marcher. On November 10, 1926, defendant redeemed the property from the foreclosure sale under the title company's judgment, paying therefor $82,053.

The acts of plaintiff's assignor become important when we bear in mind the dates when they occurred. He filed a demurrer in the Marcher suit on December 5, 1924; he filed his answer on September 26, 1926, more than one year after his co-defendants had obtained judgment on their cross-complaint. This answer also came after the property had been sold under the title company's judgment, after that judgment had been fully satisfied, and after the excess had been paid to defendant as assignee of the McLaughlin judgments. On October 14, 1926, judgment was entered in favor of plaintiff's assignor to run concurrently with the McLaughlin judgments, but he did not attempt to redeem and did not offer to join with defendant in redeeming the property

within the period when the property could be redeemed. In this connection, however, these facts must be borne in mind: Plaintiff's assignor was joined as a defendant in the foreclosure proceeding brought by the title company, his default was entered, and judgment was entered against him foreclosing his general right to redeem.

Upon these facts the defendant argues that plaintiff's assignor, by his default, lost any lien he may have had on the property; that he had no lien upon the money deposited in court; and that if he had any equitable claim to this fund he lost it by his failure to assert it. We are in accord with defendant upon each of these propositions and for those reasons the judgment must be reversed.

If plaintiff's assignor had any lien on the real property by reason of the deed which was held to be a mortgage he lost that lien when he defaulted in the foreclosure suit and judgment of foreclosure was entered against him. From this judgment no appeal was taken—and it has become a final adjudication adverse to plaintiff's assignor. The property having been sold under the foreclosure decree he would, of course, be entitled to assert a claim against the excess proceeds of the sale. But he had no lien upon this fund until he reduced his claim to judgment which he failed to do until after the fund was disposed of. The lien of the McLaughlin judgments, being prior in point of time to the decree of foreclosure, attached immediately to this excess upon its payment into court. There were then two valid liens against this fund—that of the McLaughlin judgments because of section 674 of the Code of Civil Procedure, and that of the Earnest mortgage which was transferred from the property to the excess by reason of the sale under the title company's mortgage.

If plaintiff's assignor claimed a lien upon the real property or upon the excess he should have asserted that claim while the property was in the debtor, or in the custody of the court as the debtor's representative. But the real property having been disposed of by sale, no lien could be asserted there, and, the money having left the custody of the court, no lien could be asserted there. This is so because the McLaughlin judgments were valid and enforceable liens upon that fund which were closed in due course and the money paid under order of court at a time when there were

no other existing liens against the fund. This order of court was an order made after final judgment in full compliance with the terms of the judgment and has become final. (See, generally, *Sullivan* v. *Superior Court,* 185 Cal. 133 [195 Pac. 1061] ; *Standard Livestock Co.* v. *Bank of California,* 67 Cal. App. 381, 393, 394 [227 Pac. 962].)

But the appeal is really controlled by the well-settled principle found in section 3527 of the Civil Code: ''The law helps the vigilant, before those who sleep on their rights.'' The laches of plaintiff's assignor cannot be denied in view of the evident lack of diligence appearing in the agreed statement of facts. When plaintiff's assignor was summoned to prove his claim and assert his interest he delayed twenty-three months before making answer. In the meantime the other parties answered and the cause went to judgment. When he was summoned in the foreclosure suit he failed to answer and suffered his default to be entered. The other parties appeared in that suit and protected their interests under their judgment liens. He waited until after the property was sold in due course and until after the money deposited in court was again paid out before answering in the first suit. He failed to establish any claim against either the property or the proceeds of the sale until both had been disposed of. He had notice of all these transactions and of the conflicting claim of his associates. By his failure to act he led them to believe that he had no claim to enforce against the fund. He led the court to believe the same when the order for the payment of the excess was made. And he led this defendant to so believe when she purchased the McLaughlin judgments and, later, when she paid out her own funds to redeem the property. Thus, though he obtained judgment on October 14, 1926, he waited until November 4, 1927, before apprising defendant of his claim or offering to contribute to the redemption which had already been effected. Hence the laches of plaintiff's assignor is not that of mere delay, but delay which worked to the disadvantage of the defendant. These elements appear affirmatively in the agreed statement of facts. This subject is fully covered in *Akley* v. *Bassett,* 68 Cal. App. 270 [228 Pac. 1057].

The case is a simple action to impress a constructive trust upon real property. Every element essential to that cause of action is lacking. The money which plaintiff claims an

interest in was used in the purchase of the McLaughlin judgments—not in the purchase, or redemption of the real property. There is no evidence of fraud, concealment or breach of confidential relation.

Because of the agreed statement of facts findings are not necessary.

The judgment is reversed, with direction to enter judgment for defendant.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1932.