### In re ETHERTON.

No. 47250.

United States District Court
S. D. California, C. D.

Jan. 20, 1950.

Ernest R. Utley, Los Angeles, Cal., for the Petitioner J. W. Bradshaw.

George Gardner, Los Angeles, Cal., for the Trustee in Bankruptcy.

YANKWICH, District Judge.

Earl L. Etherton, bankrupt, filed his petition for arrangement under Chapter 11 of the Bankruptcy Act of 1938[1] on March 18, 1949. The plan of arrangement was abandoned before its confirmation by the court on August 3, 1949 and the petitioner was adjudicated a bankrupt on the same day. Prior to the filing of the petition, J. W. Bradshaw, doing business as J. W. Bradshaw Hardware Floor Company, re-

1. 11 U.S.C.A. § 722.

corded three separate mechanic's liens on January 4, 1949, in Los Angeles County against three separate parcels of land owned by the bankrupt,—one lien being upon lots 9 and 10 of Tract No. 13601 for $414, the second upon Lots 5 and 6 in the same Tract in the sum of $414, and the third upon Lots 3 and 4 in the same Tract in the sum of $484,—making a total of $1312.

Notice to creditors under the original proceeding was given by the Referee on March 30, 1949. It called for a first meeting of creditors on April 11, 1949. On April 20, 1949, Bradshaw filed a secured claim to cover the liens. On petition of Trustee, orders to show cause were issued directed to various lien claimants, including Bradshaw, to show cause why their liens should not be decreed to be void against the properties in the proceeding.

On November 10, 1949, the Referee made his order decreeing that the liens asserted by Bradshaw were void. The properties against which the liens were claimed have been sold. And the lien rights are asserted against the proceeds in the hands of the trustee.

This is a petition to review the order of the Referee. The certificate indicates that the basis for the Referee's order was that the mechanic's liens asserted against the properties by various lien claimants, including Bradshaw,—*the only one who is questioning the order,*—were invalid and that, consequently, he could not claim any right to the funds derived from the sale of the properties. The legal ground behind the Referee's order is that Bradshaw had not instituted proceedings to enforce the mechanic's liens within the time specified by California law.[2] In asserting this view, the Referee followed a case from the Court of Appeals for the Second Circuit.[3]

■ We leave out of consideration, for the present, the obvious principle that a

decision by even so highly respected a court as the Court of Appeals for the Second Circuit *is not binding on us,* unless its reasoning commands assent, and confine ourselves to the fact that the New York Statute, under consideration in the case which the Referee followed, is different from the California Statute. The New York Statute limited the life of mechanic's liens to one year. They were deemed to be discharged unless the claimants took one of three steps,—(1) commenced an action within the year to foreclose, (2) obtained an order from a court continuing the lien, (3) or were made defendants in an action to foreclose another lien.[4]

■ It can be seen readily that under such statute, it might be held that, as it lay within the power of the claimant to continue the life of the lien by addressing a request for that purpose to a proper court, his failure to do so was fatal and the filing of the claim in bankruptcy did not extend the life of the lien. The Court, in summing up its ruling, said so in so many words: *"Because the liens were not continued in any of the ways prescribed by the state law, they had lost all efficacy before the land against which they were filed was sold by the bankruptcy court. Consequently no liens were transferred or transferable to the proceeds of sale and the claimants are not entitled to any priority in the distribution of assets."* (Emphasis added.)[5] But, under the California Statute,[6] no method is provided for *continuing* the lien after the expiration of the ninety-day period. Therefore, the language which the Court of Appeals used in interpreting the New York Statute has no application.

In the case before us, when the petition under Chapter 11 was filed, the ninety-day period *had not expired.* The lien was valid, to all intents and purposes. Nothing more remained to *"perfect"* its validity *as*

2. California Code of Civil Procedure, Sec. 1190.

3. In re Willax, 2 Cir., 1937, 93 F.2d 293, 295.

4. New York Lien Law, Sec. 17, 19(2), Mc-

Kinney's Consolidated Laws of New York, Chapter 33.

5. In re Willax, supra, 93 F.2d page 295.

6. California Code of Civil Procedure, Sec. 1190.

*a lien.* The ninety-day enforcement period is merely a period of limitation. It does not affect the validity of the lien or destroy the debt. Action can still be brought after the ninety-day period to collect the debt to which the lien related. The statute merely affects "the enforcement" of the lien. It reads: "No lien provided for in this chapter binds any property for a longer period than 90 days after the same has been filed, unless proceedings be commenced in a proper court within that time *to enforce* the same."[7] (Emphasis added.)

■ The enforcement of which the section speaks is necessary only when it is sought to subject the property to the satisfaction of the lien. Such possible enforcement was halted by the institution of the bankruptcy proceeding. All proceedings to enforce the lien were automatically suspended.[8]

I think that the Referee has misread Paragraph b of Section 67 of the Bankruptcy Act.[9] That subdivision recognizes all liens which have been *perfected* before bankruptcy. It reads: "Where by such laws such liens are required to be *perfected* and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court."

■ The enactment speaks of the "perfection" of a lien, and not of its "enforcement". A mechanic's lien is *perfected* when a proper notice is filed, in conformity with the statute. The foreclosure is merely "a proceeding in equity and resembles a proceeding to foreclose a mortgage or equitable lien."[10]

Even when there is a further step necessary in order to perfect the lien, all that this section[11] requires is that a notice of lien shall be filed with the bankruptcy court. There is no provision, in this section, or in any other, which authorizes the bankruptcy court to continue the effect of the lien, in the absence of a state statute, such as the New York Statute, which gave the court the right to continue the lien after expiration of one year.[12] There is no such provision in the state law of California. The only right which the lien claimant had in this case, after perfecting his lien, was to foreclose it or sue for the debt.

■ The filing of the petition and the subsequent adjudication deferred automati-

---

7. California Code of Civil Procedure, Sec. 1190.

"In 1911, Section 1197 of the Code of Civil Procedure was amended to authorize a personal action to recover a debt due for materials furnished either in connection with the foreclosure of the lien or in a separate suit." Withington v. Shay, 1941, 47 Cal.App.2d 68, 77, 117 P.2d 415, 119 P.2d 1, addendum by Supreme Court. See, Bettingen Lumber Co. v. Kerrin, 1929, 99 Cal.App. 686, 279 P. 163. The case just referred to, which has the approval of the Supreme Court of California,—holds that a personal action against the purchaser and an action to foreclose the lien are cumulative and may be pursued at the same time or by separate action *without requiring the claimant to elect between the two remedies.* It is significant that in adopting this rule, the courts of California relied on a federal case, Hatcher v. Hendrie, etc., Co., 8 Cir., 1904, 133 F. 267,—which interpreted a Colorado statute similar to the California law.

8. Bankruptcy Act, § 11, sub. f, 11 U.S.C.A. § 29, sub. f. The Courts of California have so applied this section to all limitations in California Statutes, see, Graybar Electric Co. v. Lovinger, 1947, 81 Cal. App.2d 936, 185 P.2d 370, including the ninety-day period for mechanic's liens. Wells v. California Tomato Juice, Inc., 1941, 47 Cal.App.2d 634, 118 P.2d 916. And see, California Code of Civil Procedure, Sec. 356, which reads: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

9. 11 U.S.C.A. § 107, sub. b.

10. Withington v. Shay, 1941, 47 Cal.App. 2d 68, 73, 117 P.2d 415, 119 P.2d 1.

11. 11 U.S.C.A. § 107, sub. b.

12. See Note 4.

cally any action he could have brought. The period, therefore, of the statute of limitation did not expire, but was suspended in accordance with the general rule recognized by the courts of California.[13]

The court in bankruptcy could *allow the claimant to proceed with foreclosure.* He did not apply for such permission. Instead, he chose the alternative of bringing the lien to the attention of the bankruptcy court *by asserting it as a secured claim.* The bankruptcy court being a court of equity, it was its duty, if the claimant *had chosen the wrong remedy,* to tell him, "This is the wrong way to proceed. You had better apply for *permission to sue."*

The estate *would not have benefited* by a foreclosure suit, which would have only added to the costs of administration. Therefore, when the lien-claimant filed his claim, he gave notice to the bankruptcy court that he was claiming the benefit of his lien. The bankruptcy court, being an equity court, should not have rejected his claim, merely because he had chosen the wrong way of calling it to the court's attention. The claimant should not have been penalized and deprived of a statutory and constitutional lien because of erroneously chosen procedure. More, I know of no other way in which he could have brought the fact to the attention of the court, except by seeking permission to sue.

This is not a claim to a specific fund. It is a claim of lien or interest in a particular piece of property, or the proceeds of its sale.

The Referee's opinion seems to intimate that a formal procedure by petition to adjudicate the claim is to be followed. It may be the better practice to do so. But; as we are a court of equity, we should not deprive a claimant in bankruptcy of a statutory state right merely because he did not follow the better practice in calling for action on his claim. The question is: Did he bring to the attention of the court, the Trustee and the creditors, the fact he was claiming a lien? The answer is in the affirmative. Again: Was the estate harmed in any manner by his failure to ask permission of the court to proceed otherwise, which permission probably *would not have been granted,* and which, in all likelihood, would have resulted in his doing the very thing which he did,—and that is,— *filing the claim?* This calls for a negative answer. Shall we allow the fact that the claimant did not ask the Referee first, but did it without permission, to stand in the way of giving him what he is entitled to under the law? I think not. For, in the last analysis, the estate has not been harmed by the procedure. It had knowledge of the claim. And its validity is not contested on grounds other than failure to seek leave to foreclose or permission to adjudicate the claim.

To allow the Referee's order to stand would mean to permit the bankruptcy court,—because of mere lapse of time, in asking for leave to foreclose, which was not likely to be granted and which resulted *in no injury* to the estate or in calling the bankruptcy court's attention to the claim in a more formal manner,—to deprive him of the benefit of the lien. The bankruptcy court has no power to do so. As said by the Court of Appeals for the Fourth Circuit: "The lien claimant 'is not even required to file a formal proof of claim, though, where the trustee has taken possession of the property and sold it, he may file a petition to obtain the proceeds of the lien in the hands of the trustee." [14]

Here, the claimant filed his claim before the property was sold.

The same court which decided the case on which the Referee relies, has denied the right of the bankruptcy court to invalidate liens: "No express grant of power

---

13. See cases in Note 8. See also, Dillon v. Board of Pension Commissioners, 1941, 18 Cal.2d 427, 431, 116 P.2d 37, 39, 136 A.L.R. 800, which contains the following summary of California law: "It is well recognized that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights."

14. Bolling v. Bowen, 4 Cir., 1941, 118 F. 2d 59, 62.

to invalidate liens which expire after the date of filing of the petition can be found. To the negative implication of § 70, sub. c [11 U.S.C.A. § 110, sub. c], which, as we have seen, grants powers, rights, and remedies to the trustee as of the date of bankruptcy, may be added that of § 70, sub. a, which specifies certain rights occurring later, as by bequest or inheritance, as vesting in the trustee, but fails to mention the right to attack liens subsequently lapsing. Nor could a necessary refiling of a mortgage after bankruptcy be considered a fraudulent transfer within the meaning of the applicable statutes, for they relate only to transfers 'prior to the filing of a petition'." [15]

It is, therefore, quite evident that the filing of the petition under Chapter XI stayed all proceedings and was, in effect, an injunction. The only remedy which the claimant had under state law was to foreclose or to sue. He, having been prevented from doing so by the effect of a federal statute, the statute of limitation has not run even now.[16] He can still sue.

I can conceive a situation wherein the claimant, having done nothing to assert his right, and the estate having been injured, he might be penalized. But here the claimant called the attention of the court to the claim by asserting it.

The Referee was required to consider the filing of the claim as an application for whatever relief the claimant was entitled to,—whether it be permission to sue or allowance of petition for adjudication of the claim.[17] The filing of the claim was just as effective, to require the referee to pass on it, as any formal petition.

As already appears, the refusal of the Referee to act in the matter was grounded on the theory that the lien having expired, the claimant was not entitled to assert the claim as a secured claim. From what precedes, it is apparent that the Referee erroneously interpreted the applicable statutes.

The order of the Referee, dated November 10, 1949, declaring that the trustee holds the property and the proceeds of any sale or sales thereof, free and clear of any claim of the respondent, J. W. Bradshaw, is reversed, and the Referee is directed to take such further proceedings as may be necessary to adjudicate and allow the claim. Formal order to follow.

---

15. Lockhart v. Garden City Bank & Trust Co., 2 Cir., 1940, 116 F.2d 658, 661-662. " * * * Valid liens existing at the commencement of bankruptcy proceedings have always been preserved." Gardner v. State of New Jersey, 1947, 329 U.S. 565, 576, 67 S.Ct. 467, 473, 91 L.Ed. 504. Courts have held generally that the filing of a petition in bankruptcy excused the taking of further action under state law to enforce liens. Illustrative are: In re Grosse, 7 Cir., 1928, 24 F.2d 305 *(failure to extend chattel mortgage valid at time of filing of petition);* In re Lake County Fuel & Supply Co., 7 Cir., 1934, 70 F.2d 391 *(failure to have execution issued after bankruptcy);* Lockhart v. Garden City Bank & Trust Co., 2 Cir., 1940, 116 F.2d 658 *(failure to refile chattel mortgage as required by state law);* American Coal Burner Co. v. Merritt, 6

Cir., 1942, 129 F.2d 314 *(action in state court not necessary to assertion of claim under mechanic's lien in bankruptcy).* These cases carry into effect the principle that the rights of the parties are fixed as of the date of bankruptcy petition. See Isaacs v. Hobbs Tie & Timber Co., 1931, 282 U.S. 734, 737-738, 51 S.Ct. 270, 75 L.Ed. 645; United States v. Marxen, 1939, 307 U.S. 200, 207-208, 59 S.Ct. 811, 83 L.Ed. 1222; Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; United States National Bank in Johnstown, Pa., v. Chase National Bank, 1947, 331 U.S. 28, 33-34, 67 S.Ct. 1041, 91 L.Ed. 1320.

16. See cases in Notes 8, 13, 15.

17. American Coal Burner Co. v. Merritt, 6 Cir., 1942, 129 F.2d 314, 315.