[Civ. No. 16768.   First Dist., Div. One.   June 18, 1956.]

ALFRED BARNARD, Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

James C. Purcell and Michael Riordan for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondents.

BRAY, J.—Petitioner was charged and acquitted of the violation of section 311, subdivision 3, Penal Code (selling and distributing obscene and indecent writings, papers and books). At the time of his arrest, the arresting officers seized certain publications in petitioner's possession which they delivered into the custody of the municipal court, and which were used as exhibits at defendant's trial. After his acquittal petitioner filed in the superior court a petition for writs of prohibition and mandate against the municipal court, alleging that the latter has threatened to make an order that said publications be destroyed. The petition alleges that the municipal court claims jurisdiction to proceed to destroy said publications under the authority of sections 312 and 313, Penal Code.[1] The petition then alleges that these sections

---

[1] Section 312 provides: "Every person who is authorized or enjoined to arrest any person for a violation of" the above mentioned section 311, subdivision 3, "is equally authorized and enjoined to seize any obscene or indecent writing" etc. Section 313 provides that any magistrate

are unconstitutional as depriving petitioner of his property without due process of law; that petitioner made such objection in the municipal court; and that the municipal court has no jurisdiction to make the threatened order.

The superior court denied the petition on the ground that petitioner "has a plain, speedy and adequate remedy in the ordinary course of law, to wit, an action for claim and delivery."[2] Petitioner appeals from the judgment of denial.

ADEQUATE REMEDY

The basic question here is whether the superior court abused its discretion in denying issuance of either writ.

The issuance of prohibition and mandamus lies within the sound discretion of the court, even where questions of constitutionality are raised. It will be denied if the applicant has a plain, speedy and adequate remedy at law. (See 3 Witkin, Cal. Proc., 2472; *Rescue Army* v. *Municipal Court*, 28 Cal.2d 460 [171 P.2d 8]; *Providence Baptist Church* v. *Superior Court*, 40 Cal.2d 55 [251 P.2d 10]; *Phelan* v. *Superior Court*, 35 Cal.2d 363 [217 P.2d 951]; Code Civ. Proc., § 1086.) The burden is on the petitioner to show that he does not have such remedy. (*Phelan* v. *Superior Court, supra*, 35 Cal.2d at p. 366.)

The remedy referred to by the trial court, namely, a claim and delivery action, is open to petitioner. See *Modern Loan Co.* v. *Police Court*, 12 Cal.App. 582 [108 P. 56], involving alleged stolen jewelry in the possession of the police court taken upon a search warrant, the title to which the police court was attempting to try, where the court said "the law has provided the means for settling such question by the ordinary action of claim and delivery." (P. 594.) To the same effect, *People* v. *Lawrence*, 140 Cal.App.2d 133, 137 [295 P.2d 4] (allegedly stolen money). *Faulkner* v.

to whom any obscene or indecent writing, etc., is delivered pursuant to section 312 "must, upon the examination of the accused, or, if the examination is delayed or prevented, without awaiting such examination, determine the character of such material or article, and if he finds it to be obscene or indecent, he must deliver one copy to the district attorney . . . and must at once destroy all the other copies."

[2]The court ordered a stay of any proceedings in the muncipal court pending appeal.

For some reason petitioner calls attention to the fact that subsequent to his acquittal, he was again arrested on a similar charge. He was convicted on this second charge. Inasmuch as the publications involved in the second charge were entirely different from those with which we are concerned here, we fail to see that his second arrest has any bearing on the matters before us.

*First Nat. Bank,* 130 Cal. 258 [62 P. 463], points out that the so-called claim and delivery action embraces the common law action of detinue, which contemplates that "the original taking was not unlawful, but the detention" is (p. 264), and provides "an auxiliary remedy by which, when a party brings an action to recover personal property, he may 'claim' that the property be immediately delivered to him at the commencement of the action and without waiting the trial." (P. 263.) ▮ Thus, the remedy is plain, speedy and adequate. Petitioner contends that claim and delivery will not lie because he contends that the publications are *in custodia legis*. Prior to defendant's trial and while they were being held as evidence they were in such custody, but now that they are no longer required for that purpose they are not in such custody, presuming, of course, that they are not obscene or indecent. If they are, the court, or the officers thereof, would not be required to return them to petitioner, even though his contention that section 313 providing for their destruction is unconstitutional, is correct. *Havemeyer* v. *Superior Court,* 84 Cal. 327 [24 P. 121, 18 Am.St.Rep. 192, 10 L.R.A. 627], and *Withington* v. *Shay,* 47 Cal.App.2d 68 [117 P.2d 415, 119 P.2d 1], are not in point. In the Havemeyer case it was held that property in the hands of a receiver appointed by the court is in the hands of the court and that it is in the court which "holds, administers, and disposes of the property . . . and so long as the property remains undisposed of, action by the court is necessary." (P. 390.) In our case, if, as petitioner contends, the statute providing for the destruction of the publications is unconstitutional, nothing remains for the court to do except to turn them over to petitioner if he proves his right to possession. The Withington case dealt with surplus funds left in the hands of the sheriff after an execution sale by him. It was held that those funds were *in custodia legis,* the court pointing out in effect it was the court's duty to distribute such funds "to the respective parties in interest as their interests may subsequently be made to appear . . ." (P. 73.)

" 'The question whether there is a "plain, speedy and adequate remedy in the ordinary course of law," within the meaning of the statute, is one of fact, depending upon the circumstances of each particular case, and the determination of it is a matter largely within the sound discretion of the court . . .' " (*Glasser* v. *Municipal Court,* 27 Cal.App.2d

455, 458 [81 P.2d 260], quoting from 21 Cal.Jur. p. 584 et seq.)

Petitioner has not met the burden of showing that his remedy by claim and delivery is not plain, speedy and adequate. It should be pointed out that before the remittitur can go down to the superior court, 30 days must elapse after final determination of this appeal, during which time petitioner is protected by the stay order of the superior court. Obviously that gives ample time for petitioner to bring a claim and delivery action.

*Ross* v. *O'Brien,* 1 Cal.App.2d 496 [36 P.2d 1108], effectively answers petitioner's contention that the publications are in the type of *custodia legis* which would bar a claim and delivery action. There the appellant filed a petition in the superior court for a writ of mandate to compel the respondent, a constable, to deliver the appellant certain property belonging to the appellant which the constable had seized on execution. The appellant had filed the necessary bond for release of the execution, and the justice's court out of which the execution had issued had ordered the constable to release the property to appellant. The constable refused to do so for the reason that his fees had not been paid. The superior court denied the petition. On appeal the reviewing court held that the denial was proper, because "the common action of claim and delivery would assure to appellant a clear, speedy and adequate remedy." (P. 502.)

Petitioner contends that a claim and delivery action could not be brought in the municipal court against the municipal court. This is probably true. However, the action would not be against the municipal court. It would be against the judge or the clerk of that court. The publications being no longer *in custodia legis* would be in the hands of the individuals of the court, again, assuming that the publications are not obscene or indecent. Their character in this respect would have to be determined by the court on the trial of the claim and delivery action.

There is nothing in the authorities cited by petitioner contrary to our holding herein. *Boland* v. *Cecil,* 65 Cal.App.2d Supp. 832 [150 P.2d 819], dealt with an action brought against the Director of Agriculture and other state officers for a return of meat wrongfully taken and withheld by those officers. The trial court gave judgment for the return of the meat, damages for its retention and in the alternative in case the meat could not be returned, damages for the value

thereof. The reviewing court held that so far as both elements of damages were concerned an action against state officers was in effect an action against the state itself, and the state's immunity to such an action because of its sovereignty also applied to its officers, and hence that portion of the action would not lie. However, the court held that the action did lie for the return of the meat and affirmed that portion of the judgment.

*Willis* v. *Warren*, 1 Hilt. (N.Y.) 590 (Court of Common Pleas, N.Y., 1859) likewise is of no help to petitioner. There the plaintiff brought an action for claim and delivery against the property clerk of the Board of Police Commissioners for the return of certain alleged gambling apparatus and obscene pictures claimed to have been illegally seized. The court recognized the propriety of the form of action, for it examined the circumstances of the seizure and held that the seizure was legal. It then stated that the property was *in custodia legis* and would so remain until the trial of the charges against the plaintiff. In so doing it stated that as to the gambling devices ''The owner of the property thus held is not without a remedy. He may apply to the court, in which the charge of gambling is pending, for the restoration of the property, or he may urge his trial, and thus acquire it, if the complaint be not established. It is clear, however, that he has no remedy by action against a person holding the property as the custodian of the law, while the charge remains undisposed of:—*he must await its determination.*'' (P. 594; emphasis added.) As to the lewd pictures the court pointed out (pp. 594-595) : ''The public exhibition of them is an offence against society, and punishable (*Sharfles* v. *Carn*, 2 S. & R. 91), and the pictures, being regarded as a common nuisance, may and should be destroyed in the administration of the law, when the charge of publication or exhibition is established.''[3]

*Heiser* v. *Severy* (1945), 117 Mont. 105 [158 P.2d 501,

---

[3]There is language in *Modern Loan Co.* v. *Police Court, supra,* 12 Cal.App. 582, 594, to the same effect as the last sentence above quoted. However, we do not deem it necessary to pass upon the power of the municipal court to destroy the alleged obscene literature nor the constitutionality of sections 312 and 313, Penal Code, appearing to grant such power, for the reason that, assuming, but expressly not deciding, petitioner's contention that no such power exists and that said sections would be unconstitutional if construed to grant such powers, nevertheless, as herein pointed out, this proceeding will not lie, because petitioner has an adequate remedy at law.

160 A.L.R. 319], was an action in claim and delivery against the members of the State Fish and Game Commission and its agents, in their official capacity, for the return of a gun claimed to have been unlawfully seized, or for its value. The defendants refused to answer when their demurrer to the complaint was overruled, and then appealed from a default judgment entered in the trial court against them, which awarded damages for detention and costs, and damages for the value of the gun, in the event it could not be returned. The reviewing court in the majority opinion held that the action in essence was one against the state and entitled the state "to invoke its sovereign immunity from suit even though individual officials are nominal defendants." (P. 326 of 160 A.L.R.) The plaintiff had contended that as the defendants were sued in their official capacities, the judgment for damages and costs would be a direct charge against the funds of the Fish and Game Commission. The majority opinion, while it reversed the whole judgment and instructed the court to dismiss the complaint, did not discuss the issue concerning return of the gun. Its entire discussion related to the fact that the state and its agents could not be subject to damages. Three of the judges of the Montana Supreme Court signed the majority opinion. One judge concurred in part of the result and dissented in part, writing an opinion. This action and opinion was joined in by a second judge. The effect of this opinion is that the plaintiff in his complaint did state a cause of action for the return of the gun but did not, for the reasons given in the majority opinion, state a cause of action for damages of any kind; that the portion of the complaint dealing with damages should have been stricken out and the portion dealing with the demand for the return of the gun stated a cause of action and should have been permitted to stand. Quoting from an article in 49 American Jurisprudence 308, the concurring and dissenting opinion states (p. 329 of 160 A.L.R.): " '. . . An action may be maintained against a state officer who unlawfully withholds property of another, or who unlawfully deprives a citizen of his property or prevents his free enjoyment of it. This rule applies where rights are conferred by statute and the officer violates or abuses his authority under the statute to the injury of rights conferred thereby.' " On a rehearing the majority of three filed an "additional opinion." In this opinion the court points out that the plaintiff was looking to the State Fish and Game Fund "for the money to pay the damages and

costs awarded in the aforesaid judgment." (P. 311.) It then states: ". . . the fact that such individuals are public officers most certainly does not make the sovereign state of Montana answerable for their private wrongs." (P. 331.) Significantly the opinion follows with this (p. 331): "If Heiser's gun is wrongfully detained by any of the individuals named, Heiser has his right of action against such individuals for the recovery of his property. But the state of Montana is not liable in damages to Heiser nor may the funds belonging to the state and deposited in the State Fish and Game Fund be used to pay the damage occasioned by private wrongs committed by public officers of the state." The two judges who joined in the previous minority opinion dissented. A reading of the majority opinion shows that those joining in it were determining the plaintiff's right to damages rather than to a return of the gun and because both matters were inextricably involved they refused to separate them. The annotation of this case, 160 American Law Reports 332, and the cases there cited, uphold the proposition that actions for return of property improperly seized may be brought against state officers (and federal officers, as well) although no action for damages will lie. "While it is a difficult problem to determine when the suit is in reality a suit against the state, the distinction between suits against the state and suits against officers may be generally expressed as follows: Those cases in which the decrees require, by affirmative official action on the part of the defendants, the performance of an obligation which belongs to the state in its political capacity, are suits against the state; while those actions at law or in equity against defendants who, while claiming to act as officers of the state, violate and invade the personal and property rights of the plaintiffs under color of authority unconstitutional and void are not suits against the sovereign. In the latter cases, the defendant is sued, not as or because he is an officer of the government, but as an individual, and the court is not ousted of jurisdiction because the defendant asserts authority as an officer of the state.

"Generally speaking, actions against public officers to recover possession of property are within the class last mentioned above, and, while cases involving such actions have aided in the development of the principle that suits against individual defendants are not suits against the sovereign even though the defendant, as a defense to the suit, claims to act or to have acted in his official capacity where such acts

unconstitutionally violate or invade the personal or property rights of the plaintiff . . ."

■ Petitioner argues that a right of action against the officers of the municipal court for a return of his property is not an adequate remedy for the reason that he may not recover damages for its detention, or its value, if the property cannot be restored. That remedy is as adequate in that respect as the one sought here, because in this proceeding, if it would lie, damages could not be recovered either.

The judgment denying the petition for writ of mandate and for writ of prohibition is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.