[Civ. No. 27994. First Dist., Div. One. Nov. 19, 1970.]

KENNETH M. PETTIS, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE VALLEJO JUDICIAL
DISTRICT OF SOLANO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Paul Ligda, Public Defender, for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Derald E. Granberg and Gloria F. DeHart, Deputy Attorneys General, for Defendant and Respondent and for Real Party in Interest and Respondent.

## Opinion

**ELKINGTON, J.**—Appellant Kenneth M. Pettis, 18 years old and charged with burglary, was proceeded against by way of preliminary examination in the municipal court. He moved to have the case certified to the juvenile court under Welfare and Institutions Code section 604. This section as it applies to minors of ages 18 through 21 states: "(b) Whenever a case is pending in any court upon an accusatory pleading and it appears to the satisfaction of the judge that the person charged is under the age of 21 years, the judge *may* certify the case to the juvenile court of his county. . . ." (Italics added.)

The magistrate denied the motion after stating (as alleged by Kenneth—no transcript was made available to this court) that the accused "may very well be suited for treatment by the Juvenile Court, but that until the delays in processing referral cases were eliminated, it would no longer certify any case for consideration, regardless of the situation."

Kenneth then sought to prevent further preliminary proceedings by "Petition for Writ of Prohibition/Mandamus" in the superior court. Upon reading and considering the petition that court by a written order summarily denied relief. It is from that order that the appeal is taken.

On his appeal Kenneth repeats the contentions of the points and authorities which accompanied his petition to the superior court. He recognizes that if held to answer for trial before the superior court he will have a right to move that court for certification to the juvenile court. But he insists that he has a *right* to twice move for such certification. He argues: "Because the law permits the motion for certification to be made at any time, it is clear that in a felony case such as petitioner's, there is the potential for making a motion for certification to the Juvenile Court once before the Municipal Court and once again before the Superior Court. . . . When one of those courts imposes a blanket rule of exclusion, one of those two opportunities to have the motion considered is lost. The fact the motion might again be made is only a partial remedy because, by any standard, the possibility of a favorable ruling on the motion has been halved."

As we have indicated, Kenneth's appeal is from the superior court order denying relief by way of prohibition or mandate. ■ The issuance of such writs is said to be within the sound discretion of the court. (*Dickenson v. Municipal Court,* 162 Cal.App.2d 85, 88 [328 P.2d 32]; *Barnard* v. *Municipal Court,* 142 Cal.App.2d 324, 326 [298 P.2d 679]; *Ertman* v. *Municipal Court,* 68 Cal.App.2d 143, 148 [155 P.2d 908, 156 P.2d 940].) They will be denied if the applicant has a plain, speedy, and adequate

remedy at law. (Code Civ. Proc., §§ 1086, 1103; *Providence Baptist Church* v. *Superior Court,* 40 Cal.2d 55, 59-60 [251 P.2d 10]; *Barnard* v. *Municipal Court, supra,* p. 326.) And the burden is on the petitioner to show that he does not have such a remedy. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 366 [217 P.2d 951].)

■ The superior court concluded that Kenneth did not have any *right* to twice move, in different courts, for certification to the juvenile court or at least that he had not been prejudiced by a denial of such claimed right by the municipal court. Further the court considered that Kenneth had a plain, speedy and adequate remedy by moving for certification in the superior court in the event he be held to answer. In the order denying Kenneth's petition it was stated:

"A preliminary examination now is scheduled to be held on petitioner's case in Municipal Court on February 18. At the close of such hearing, petitioner would either be discharged or bound over to this court for further proceedings. While applicant now seeks to arrest such proceedings, the fact remains that entertainment of his application here and now would of itself protract and delay his case, to the detriment of and additional expense to the real parties in interest, the general public of our State.

"Respondents in this proceeding are entitled to advance notice of hearing on the application. Certainly a substantial period, probably some months, would elapse before final determination here, with further action in the Municipal Court prevented in the interim. Our policy of endeavoring to afford fair and speedy hearings and dispositions in criminal cases thus would be thwarted in this particular instance if this proceeding were allowed to run its gamut.

"Since the applicant, if bound over to this court for trial, can have a prompt reconsideration of his request for certification for processing as a juvenile, that alternative impresses the undersigned as his more adequate, economical and timelier remedy. It accordingly becomes unnecessary for purposes of this case to consider whether any real right has been prejudiced by the alleged 'abuse of discretion' in the respondent court. As to other and future cases, it well may develop that this petition may lead to helpful communications and reformulation of practices and policies as between the juvenile court and other courts in our county."

We find no abuse of discretion on the part of the superior court in its denial of the petition. Kenneth was not prejudiced by the municipal court's ruling. His right, if held to answer, to seek the desired certification in the superior court afforded him a plain, speedy, and adequate avenue of relief. ■ And we do not believe that the fortuity of an 18-year-old

minor charged with burglary, being proceeded against by way of preliminary examination, establishes a *right* to have two different courts consider certification while a similarly situated minor, who by virtue of a grand jury indictment bypasses the magistrate, shall have but one.

We do not find *People* v. *Shipp*, 59 Cal.2d 845, 852 [31 Cal.Rptr. 457, 382 P.2d 577], cited by Kenneth, to be apposite. There the court held: "Subdivision (b) [§ 604] does not authorize the trial judge arbitrarily or capriciously to grant or deny certification to the juvenile court. Even though the statute contains no express standards, the trial judge must exercise his discretion and reasonably in furtherance of justice. [Citations.] By implication section 604 requires the trial court to exercise its discretion to serve the purposes of the Juvenile Court Law. . . ." It will be presumed that if and when Kenneth applies to the superior court for certification that the discretion vested in that court will be properly exercised.

No merit is seen in Kenneth's further contention that opportunities available to him by way of "plea negotiation" were cut in half thus weakening "petitioner's bargaining position." His final argument that the superior court's ruling "ignores the plight of the youngsters 18 to 21 daily coming before the same court charged with misdemeanor offenses" is also unpersuasive. Such persons, if denied consideration of a certification motion by the municipal court, would not have the plain, speedy, and adequate remedy here found by the superior court to be available.

Affirmed.

Molinari, P. J., and Sims, J., concurred.