[Civ. No. 41706. Second Dist., Div. Four. Dec. 21, 1973.]

MAX E. BURRUS, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE PASADENA JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
G. SIGLER, Real Party in Interest and Respondent.

**COUNSEL**

Robert J. Johnston for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Styskal, Wiese & Melchione and Jack Norman Roff for Real Party in Interest and Respondent.

---

**OPINION**

**FILES, P. J.**—This is an appeal from an order of the superior court denying summarily a petition for a writ of mandate to review a pleading question in a municipal court action. The order of the superior court is an appealable judgment under Code of Civil Procedure section 904.1, subdivision (a).

The petition filed in the superior court, with exhibits attached, tells something of the underlying Pasadena municipal court action.

On September 18, 1970, G. Sigler, as assignee of Household Finance Corporation, filed an action against Max E. Burrus to recover $1,110.24 allegedly due on a note secured by a chattel mortgage and salary assignment. Burrus filed an answer and cross-complaint. Demurrers were sustained to the cross-complaint, and to three amended cross-complaints. Burrus then filed a motion for leave to file a document which he tendered as a "fourth amended cross-complaint and additional answer." On July 11, 1972, the municipal court denied leave to file it as a cross-complaint, but granted leave to file an amendment to the answer. The trial was set for August 23, 1972.

On July 26, 1972, Burrus filed in the superior court his petition for a writ of mandate to compel the municipal court to overrule the demurrer to the third amended cross-complaint or allow him to file the fourth amended cross-complaint. Sigler was named in the petition as real party in interest. Household Finance was not joined as a party in the mandate proceeding.

On August 7, 1972, the superior court, without a formal hearing, made a minute order: "Petition for writ of mandate is denied due to an insufficient showing that the remedy of appeal is inadequate."

On August 18, Burrus filed in the superior court a request that the

superior court "certify the above entitled action for transfer to the Court of Appeal. . . ." A superior court judge then made a minute order stating: "Inasmuch as the denial of the Alternative Writ is appealable, the application for Certification to the Court of Appeal will be deemed a Notice of Appeal and will be filed as such."

■ Although prerogative writs are occasionally used to provide expedited interlocutory review of pleading issues, some extraordinary reason for this kind of priority treatment must appear. Except where such a reason appears, the parties must await a review by appeal from the final judgment. (See *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Bennett* v. *Superior Court* (1933) 218 Cal. 153, 155 [21 P.2d 946]; *Lindley* v. *Superior Court* (1903) 141 Cal. 220 [74 P. 765]; *Glasser* v. *Municipal Court* (1938) 27 Cal.App.2d 455 [81 Cal.Rptr. 260] (where the Court of Appeal held that the superior court had abused its discretion in granting a writ).) If reviewing courts made themselves routinely available to intervene by writ whenever a litigant claimed a mistake had been made in a law-and-motion department, trials would be delayed, litigants would be vexed with multiple proceedings, and judgment appeals would be kept waiting.

It was the responsibility of the superior court to determine, in its discretion, whether the circumstances compelled the use of the prerogative writ.

■ As a general proposition, the exercise of jurisdiction by writ of mandate is discretionary. (*Wheelright* v. *County of Marin* (1970) 2 Cal.3d 448, 457 [85 Cal.Rptr. 809, 467 P.2d 537].) When the superior court is asked to issue a prerogative writ to review a ruling of the municipal court, the superior court exercises its discretion in determining whether, in its opinion, another remedy is adequate. (*Pettis* v. *Municipal Court* (1970) 12 Cal.App.3d 1029 [91 Cal.Rptr. 263]; *Barnard* v. *Municipal Court* (1956) 142 Cal.App.2d 324 [298 P.2d 679]; *Ertman* v. *Municipal Court* (1945) 68 Cal.App.2d 143, 147 [155 P.2d 908].)

■ In the case at bench there is no basis for contending that the superior court abused its discretion when it left Burrus to his remedy by appeal. The decision of the superior court was without prejudice to any future ruling by the municipal court or the superior court in the event of an appeal from a municipal court judgment. (See *People* v. *Medina* (1972) 6 Cal.3d 484, 491, fn. 6 [99 Cal.Rptr. 630, 492 P.2d 686].) Although the municipal court case is undoubtedly important to the litigants, no issue was raised which required the superior court to put aside its regular business to give a priority review to the ruling of the municipal

court's law-and-motion department. Had the case gone to trial in the municipal court on August 23, 1972, as scheduled, there would have been an appealable judgment on the merits; and if the municipal court had erred to Burrus' prejudice, relief could have been given promptly by the expedited procedures of the appellate department of the superior court. Even assuming a reversal and a retrial in the municipal court, the case would likely have been concluded before now.

■ We regard the taking of an appeal from the ruling of the superior court in this kind of case as frivolous and vexatious, justifying the imposition of a penalty authorized by rule 26(a), California Rules of Court, for "the discouragement of like conduct in the future. . . ." But imposition of a penalty in this instance is deterred by the peculiar way in which this case came here.

Burrus' counsel never filed a notice of appeal. Instead he filed in the superior court a request for that court to certify the case to the Court of Appeal by transfer. Transfer on certification is provided for in Code of Civil Procedure section 911 and rules 61-69, California Rules of Court. Such transfer applies only to cases which originate in a municipal or justice court, and are on appeal in the superior court.[1] The transfer procedure was inapplicable in this case because Burrus' application for a writ of mandate was an original proceeding in the superior court, not an appeal from the municipal court.[2] Burrus' application for certification was therefore properly denied by the superior court. The case came here because the superior court made a gratuitous order that the application be "deemed" a notice of appeal. We cannot punish counsel for taking an appeal which he might not have taken after the certification was denied.[3] On the other hand, we cannot refuse to hear the appeal, because counsel

---

[1]Code of Civil Procedure section 911: "A court of appeal may order any case on appeal within the original jurisdiction of the municipal and justice courts in its district transferred to it for hearing and decision as provided by rules of the Judicial Council when the superior court certifies, or the court of appeal determines, that such transfer appears necessary to secure uniformity of decision or to settle important questions of law.

"     .     .     .     .     .     .     .     .     .     .     .     .     .     .     ."

[2]See *People* v. *Allenthorp* (1966) 64 Cal.2d 679 [51 Cal.Rptr. 244, 414 P.2d 372], for a discussion of the distinction between the appellate department of a superior court, hearing appeals from inferior courts, and the superior court, entertaining original proceedings under its general powers as a court of original jurisdiction.

[3]Transfer of a case to the Court of Appeal, on certification, is a relatively speedy and simple procedure. The Court of Appeal promptly denies the transfer if it thinks the case does not justify further review. If transfer is granted, the Court of Appeal calendars the case immediately and decides it on the record and briefs already on file. Such a transfer does not entail the extra expense and delay of a new appeal.

appears to have relied upon the superior court's order as assuring him that his application was in legal effect a notice of appeal.

The law which permits an intermediate ruling of a justice court or municipal court to go to the Court of Appeal by an appeal of right must be regarded as a loophole in our appellate system. The general plan of appellate jurisdiction, as established in article VI, section 11, of the California Constitution, is that the Courts of Appeal have appellate jurisdiction when superior courts have original jurisdiction, and superior courts have appellate jurisdiction in causes arising in municipal and justice courts. That section also authorizes the Legislature to expand the jurisdiction of the Court of Appeal by statute, and the Legislature has done so by a statute of very narrow application. (See fn. 1, *supra*, and rule 62, Cal. Rules of Court.) The policy expressed in the Constitution, in the statute and in the Rules of Court is that litigation arising in municipal and justice courts will not go beyond the superior court *except under very limited circumstances.* This is desirable both to relieve the burden on the higher courts and to spare litigants the delay and expense which would result from successive appeals through all levels of review.[4]

Nevertheless it is possible for any litigant in the municipal or justice court to apply at any time to the superior court for the issuance of a prerogative writ to prohibit, delay, review or revise any action or ruling taken or threatened, or to command any action refused in the inferior court. Such petitions are commonly denied out of hand, without a hearing, if in the opinion of the superior court the petition fails to state grounds for extraordinary relief. The denial of relief is a judgment of the superior court, and as such is appealable to the Court of Appeal under Code of Civil Procedure, section 904.1, subdivision (a).[5] No matter how frivolous the petition, or how trivial the issue which it raises, the petitioner is entitled, *as a matter of right,* to go through the entire appellate procedure, with preparation of record, briefs, calendaring and written opinion in the Court of Appeal.

---

[4]See *Monica Theater* v. *Municipal Court* (1970) 9 Cal.App.3d 1, 12 [88 Cal.Rptr. 71].

[5]Code of Civil Procedure section 904.1: "An appeal may be taken from a superior court in the following cases:

"(a) From a judgment, except . . . (3) a judgment on appeal from a municipal court or a justice court or a small claims court."

It is apparent that this section was written in conformity to the policy of California Constitution, article VI, section 11, and Code of Civil Procedure section 911 preventing further appeal of municipal and justice court cases to the Court of Appeal, but the language of the statute fails to screen out review by appeal from denial of an extraordinary writ.

Neither the filing of a petition for an extraordinary writ in the superior court nor the taking of an appeal from the order of denial operates as a stay of the underlying proceeding in the inferior court. Nevertheless it often happens that the inferior court does postpone the trial of the case in order to learn what the appellate court ultimately will do. The case at bench, in which the parties are talking about a pleading question more than a year after their case was to have been tried in the municipal court, is illustrative of the awkwardness of the procedure and its potential for abuse.

The existence of a right of appeal seems unnecessary when the purpose of the petition is to review a ruling of an inferior court, and the superior court has denied it without a trial of an issue of fact. If the aggrieved litigant has an issue of such gravity or significance as to justify the use of a prerogative writ, he may file an original petition in the Court of Appeal or the Supreme Court after denial in the superior court. Such new petitions are far less burdensome than appeals, since those petitions which lack merit on their faces can be screened out by summary denial.

So long as the statute allows the use of the appellate process in this kind of situation, it is the responsibility of counsel to use this procedure only when extraordinary circumstances seem to justify it, and it is the duty of the appellate courts to impose sanctions when there is an abuse.

The judgment is affirmed.

Jefferson, J., and Dunn, J., concurred.

A petition for a rehearing was denied January 4, 1974, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1974.