[Civ. No. 22082. Fourth Dist., Div. One. Aug. 18, 1980.]

MIKE MENDIETA, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE NORTH COUNTY
JUDICIAL DISTRICT OF SAN DIEGO COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Thomas F. Gorman for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and George J. DuBorg, Deputy District Attorneys, for Real Party in Interest and Respondent.

**OPINION**

**THE COURT.***—Mike Mendieta pleaded guilty in the municipal court to disturbing of the peace and petty theft (Pen. Code, §§ 415, 484, 488). After sentence he moved to set aside his plea on the ground his attorney had advised him no jail time would be imposed, but the court granted probation conditioned on 90 days in the county jail. After denial of his motion to set aside the plea, defendant pursued two remedies: he appealed to the appellate department of the superior court, which affirmed his conviction without opinion; and he also unsuccessfully sought a writ of mandate in the superior court to compel the municipal court to vacate the plea. Mendieta now seeks to appeal both the order of the municipal court denying his motion to vacate the plea and also the superior court judgment denying a writ of mandate. Only the latter is appealable to this court and the purported appeal from the municipal court order should be dismissed.

---

*Before Brown (Gerald), P. J., Staniforth, J., and Wiener, J.

█ As a preliminary matter, we note Mendieta has availed himself of the so-called procedural "loophole" described in *Gilbert* v. *Municipal Court* (1977) 73 Cal.App.3d 723 [140 Cal.Rptr. 897], and *Burrus* v. *Municipal Court* (1973) 36 Cal.App.3d 233 [111 Cal.Rptr. 539], where a judgment of the municipal court, not normally appealable to the Court of Appeal, is converted into an original judgment of the superior court, which is appealable here, by the simple expedient of applying in superior court for a writ of mandate directed against the municipal court and then appealing to this court, the superior court judgment denying the writ. Such a procedure circumvents the established channels of judicial review which preclude review of municipal court judgments as of right in the Court of Appeal, and is highly disfavored, so that sanctions may be imposed for unwarranted use of the procedure. (See *Burrus* v. *Municipal Court, supra*, 36 Cal.App.3d 233, 239.) The procedure is particularly objectionable when, as here, it results in the defendant having two identical appellate reviews of the same issue. The denial of the motion to set aside the plea is reviewable on appeal from the judgment of conviction (*People* v. *Ribero* (1971) 4 Cal.3d 55, 62-63 [92 Cal.Rptr. 692, 480 P.2d 308]), and was here so reviewed, and was also considered in the parallel writ proceeding. The availability of an adequate appellate remedy is normally a bar to prerogative writ relief, and where that remedy is not only available but also used, we think any further writ review should be limited to the question whether the municipal court judgment was voidable or void.

█ Here the alleged reasons for withdrawal of the plea were defendant's attorney examined a computer printout of defendant's past record which contained the entry "No" on an earlier robbery conviction. Although the attorney admitted to knowing Mendieta had done time on the robbery charge in the California Rehabilitation Center facility, the attorney said he believed the time was served on a civil commitment. Based on his belief there was no actual criminal conviction of robbery, he advised Mendieta there would probably be no jail time imposed if he pleaded guilty in this case. However, at sentencing the probation report showed defendant had in fact been convicted of the robbery. The attorney contends if he had known of the robbery conviction he would not have advised his client to plead guilty nor would he have told his client not to expect any jail time.

There is no showing defendant was himself unaware of his robbery conviction. Also, the record shows other prior convictions of forgery,

auto theft, and possession of dangerous drugs. The drug conviction occurred in June 1978, and the date of defendant's guilty plea was November 13, 1978. There is no showing removing the robbery conviction from defendant's record would materially have improved his chances of avoiding time in custody on the charges here.

■ Penal Code section 1018 provides at any time before judgment the court may permit withdrawal of a guilty plea "for a good cause shown." The burden rests on defendant (when he is represented by counsel, as here) to show clear and convincing evidence the plea was entered as the result of mistake, ignorance, inadvertence or other factor overreaching his free understanding. (*People* v. *Urfer* (1979) 94 Cal. App.3d 887, 892 [156 Cal.Rptr. 682]; *People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250].) It is insufficient to aver false expectations of lenient treatment, even when based on advice of one's own counsel. (*People* v. *Caruso*, 174 Cal.App.2d 624 [345 P.2d 282].)

■ Further, we note Mendieta here initialed a written change of plea form which states his attorney has explained the possible sentence to him and he understands the maximum punishment which could be imposed as a result of his guilty plea to be 90 days and/or a $200 fine, because a second offense of petty theft may be treated as a felony. His attorney admitted in argument he did in fact so advise his client of the possible maximum 90-day punishment which Mendieta in fact received.

Not only is the judgment of conviction not void or voidable in the sense the municipal court lacked jurisdiction to enter it, but in fact the court was well within its sound discretion in denying the motion to withdraw the plea. (See e.g., *People* v. *McDonough* (1961) 198 Cal. App.2d 84 [17 Cal.Rptr. 643]; *People* v. *Brotherton* (1966) 239 Cal. App.2d 195 [48 Cal.Rptr. 513]; *People* v. *Fratianno* (1970) 6 Cal. App.3d 211 [85 Cal.Rptr. 755].) The superior court was correct in declining to issue a prerogative writ, particularly in light of the procedural considerations we have stated.

Respondent district attorney has urged sanctions be imposed. Although we agree the appeal from the superior court judgment borders on the frivolous, we think imposition of sanctions not warranted in light of the fact this is a criminal matter, in which the utmost zeal is expected of defendant's attorney, and in further view of the attorney's understandable chagrin at having, in his own view, mistakenly advised his

client. We decline to impose sanctions for his concerned attempt to find a remedy.

The purported appeal from the municipal court order is dismissed; the judgment is affirmed.