Filed 8/27/15  Bjorklund v. Dudley CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| ERIC BJORKLUND,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOYCE DUDLEY, as District Attorney, etc., et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B260532<br>(Super. Ct. No. 1467445)<br>(Santa Barbara County) |

George Foxx was found guilty of vandalizing Eric Bjorklund's vehicles and ordered to make restitution.  That same day, the Santa Barbara County District Attorney's Office confiscated $25,720 in a drug raid involving Foxx, Kenneth Koster and two other defendants.  Claiming the funds were his, Koster agreed to forfeit them to the government under Health and Safety Code section 11469 et seq.[1]  Bjorklund filed a petition for writ of mandate against District Attorney Joyce Dudley, Assistant District Attorney Allison Neuffer and the Santa Barbara County District Attorney's Office (collectively "respondents") alleging his entitlement to the funds.  (See Code Civ. Proc.,

---

[1] All statutory references are to the Health and Safety Code unless otherwise stated.

§ 1085.)  The trial court determined respondents had no duty to pay restitution from funds forfeited by Koster since he was not a party to the vandalism case.  It further concluded the funds were exempt from restitution under section 11469.  We affirm.

PROCEDURAL BACKGROUND

Bjorklund, who is self-represented, claimed that he was entitled to recover the restitution ordered in the vandalism case from funds confiscated in the drug case.  Respondents denied his claim, and based upon the agreement with Koster, the funds were formally forfeited to the government.  (See *People v. Twenty Five Thousand Seven Hundred Twenty Dollars ($25,720.00)* (Super. Ct. Santa Barbara County, 2013, No. 1341766).)  Bjorklund petitioned for a writ of mandate compelling respondents to turn over the funds to him.  The trial court sustained respondents' demurrer to the petition with leave to amend.

Bjorklund amended his petition.  The trial court again sustained respondents' demurrer, this time without leave to amend.  Bjorklund appeals from the judgment of dismissal.

DISCUSSION

Bjorklund contends the trial court erred by sustaining the demurrer without leave to amend and dismissing his writ petition.  We disagree.

"The standard of review on appeal from a judgment of dismissal following the sustaining of a demurrer to a petition for writ of mandate without leave to amend is well established.  We examine the pleading de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.  [Citation.]  We give the pleading 'a reasonable interpretation and treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions, or conclusions of law.'  [Citation.]"  (*Keffeler v. Partnership Healthplan of California* (2014) 224 Cal.App.4th 322, 335, fn. 10.)

Bjorklund correctly asserts that restitution to victims of crimes is constitutionally and statutorily mandated in California.  (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045; see Cal. Const., art. I, § 28; Pen. Code, § 1202.4.)  The problem

2

he faces, however, is two-fold.  First, Penal Code section 1202.4, subdivision (f) states that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that *the defendant* make restitution to the victim or victims in an amount established by court order . . . ."  (Italics added; see Pen. Code, § 1202.4, subd. (a) [victim "shall receive restitution directly from a defendant convicted of that crime"].)  Here, Foxx -- not Koster -- is the defendant subject to the restitution order, and the amended petition does not allege that Foxx owned the confiscated funds.  Bjorklund contends "[t]he paper trail" shows that respondents "collected" the funds from Foxx, but the documents of which the trial court took judicial notice confirm that only Koster claimed ownership of the funds.  Neither Foxx nor the other two defendants filed a claim.  The forfeiture occurred only after Koster withdrew his claim.

Second, section 11469 governs forfeitures of controlled substances, property, cash and other things of value used in the drug trade.  (*People v. Superior Court (Plascencia)* (2002) 103 Cal.App.4th 409, 418-419.)  Penal Code section 1202.4, subdivision (f) provides that "[t]he court may specify that funds confiscated at the time of the defendant's arrest, *except for funds confiscated pursuant to Section 11469* . . . , be applied to the restitution order . . . ."  (Italics added; see *People v. Rosas* (2010) 191 Cal.App.4th 107, 120, fn. 6.)  Because the $25,720 was confiscated under section 11469, it is exempt from application to the restitution order.  (See *Rosas,* at p. 120, fn. 6.)  This is true even if, as Bjorklund claims, the funds were "collected" from Foxx.  Thus, Bjorklund has not shown, and cannot show, that he is entitled to any of the funds.

Bjorklund maintains that Penal Code section 1202.4, subdivision (f) is "unconstitutional to the extent the person from whom the funds were collected owes restitution to a victim."  He bases his argument on the Victims' Bill of Rights Act of 2008, also known as Marsy's Law, which amended California Constitution, article I, section 28.  Bjorklund is correct that if a conflict exists between a provision of the California Constitution and a statutory provision, the Constitution trumps the statute. (See *Associated Home Builders etc., Inc. v. City of Livermore* (1976) 18 Cal.3d 582, 595;

*In re Marriage of Steiner and Hosseini* (2004) 117 Cal.App.4th 519, 527.) But no such conflict exists here.

Marsy's Law created certain rights victims enjoy within the criminal justice system, but it did not, as Bjorklund asserts, establish the constitutional right to victim restitution. That right was created when Proposition 8 was enacted by the voters in 1982. (*People v. Birkett* (1999) 21 Cal.4th 226, 230.) Marsy's Law merely reaffirmed a victim's right to "seek and secure" restitution (see Cal. Const., art. I, § 28, subd. (b)(13)(A)). This general affirmance of a victim's right to seek and secure restitution in no way conflicts with the Legislature's implementation of victims' right to restitution through existing statutory provisions. Accordingly, we reject Bjorklund's contention that Marsy's Law overcomes the exemption in Penal Code section 1202.4, subdivision (j) for funds confiscated under section 11469. We also reject his suggestion that the denial of his petition somehow negates the restitution order. His inability to collect restitution from the confiscated funds does not deprive him of his right to otherwise enforce the court order.[2]

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

---

[2] Respondents alternatively contend the judgment must be affirmed because Bjorklund's petition fails to state facts showing that he does not have a plain, speedy and adequate remedy at law. (See Code Civ. Proc., § 1086; *Barnard v. Municipal Court* (1956) 142 Cal.App.2d 324, 326.) Having concluded his petition fails to state a claim for relief, we do not reach this argument.

4

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____


Eric Bjorklund, in pro. per., for Appellant.

Michael C. Ghizzoni, County Counsel, Lisa A. Rothstein, Senior Deputy, for Respondents.